IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON WILLIAM STANLEY | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION |
| v. | : | NO.: 2:13-cv-01911- ER |
| | : | |
| WARDEN McFADDEN; | : | |
| OFFICER WEAVER; | : | |
| OFFICER ZENZILL; and | : | |
| CHESTER COUNTY PRISON | : | |
| | : | |
| **Defendants.** | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS, WARDEN McFADDEN, OFFICER WEAVER, AND OFFICER ZINZEL
TO PLAINTIFF'S AMENDED COMPLAINT FILED UNDER 42 U.S.C. § 1983**

Defendants Officer Zinzel (incorrectly identified as Officer Zenzill), Officer Weaver, and Warden McFadden, (collectively hereinafter, " Answering Defendants"), by and through their attorneys, The MacMain Law group, hereby file their Answer to Plaintiff's Complaint, denying each and every averment set forth therein except as expressly admitted below:

**I.   PARTIES IN THE COMPLAINT**

A.   Admitted in part and denied in part. It is admitted only that Damon Stanley is the Plaintiff in this matter. The remaining averments are denied.

B.

1.   Admitted in part and denied in part. It is admitted only that Warden McFadden is named as a party to this action and that his address is the Chester County Prison, 501 Wawaset Road West Chester Pa. 19382.

2.   Admitted in part and denied in part. It is admitted only that Officer Wade is named as a party to this action. The remaining averments are denied.

    3.    Admitted in part and denied in part. It is admitted only that Officer Weaver is named as a party to this action and that his address is the Chester County Prison, 501 Wawaset Road West Chester Pa. 19382.

    4.    Admitted in part and denied in part. It is admitted only that Officer Zinzell (incorrectly identified as Zenzill) is named as a party to this action and that his address is the Chester County Prison, 501 Wawaset Road West Chester Pa. 19382.

**II.**    **Statement of Claim:**

    A.-D.  Denied.

**III.**   **Injuries:**

    Denied.

**IV.**   **Exhaustion of Administrative Remedies**

    A.-G. Denied.

**V.**    **RELIEF**

    1-2.   Denied.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorneys fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

### AFFIRMATIVE DEFENSES

Answering Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims. Answering Defendants have not yet obtained adequate discovery from Plaintiff in connection with this action, and therefore, Answering Defendants reserve the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses

within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Answering Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Answering Defendants violated any of Plaintiff's constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### FOURTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any acts or omissions by Answering Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Any injury or damage sustained by Plaintiff was a direct and proximate result of Plaintiff's and/or a third-party's conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

**NINTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Answering Defendants were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

**TENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Answering Defendants were justified under the circumstances, and Answering Defendants at all times material hereto acted based upon a reasonable good-faith belief that Plaintiffs were involved in wrongful activity and intended to cause them serious bodily harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all times material hereto, Answering Defendants used only that amount of force that was reasonable and necessary under the circumstances, and such force was justified under applicable state and federal law.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is limited and/or barred by the applicable state constitution, by the Fourth, Eighth or Fourteenth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

### FOURTEENTH AFFIRMATIVE DEFENSE

At no time material hereto were Answering Defendants deliberately indifferent to the safety or constitutional rights of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).

### SEVENTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants adopt, permit or follow, either formally or informally, a policy, custom or practice of violating a person's Fourth, Eighth or Fourteenth Amendment rights or which in any other way tolerated or permitted the violation of the civil rights of any individual, including Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiff's health, safety and welfare.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendants' actions and determinations were related to a valid and legitimate penological interest.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust available administrative remedies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S.A. § 8501 et seq.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, together with costs, disbursements, attorneys fees under, *inter alia*, 42 U.S.C. § 1988 and any further relief deemed appropriate by this Court.

                        **THE MACMAIN LAW GROUP, LLC**

**Dated: July 22, 2013**            BY:    /s/ David J. MacMain
                                                           **David J. MacMain (Pa. I.D. No. 59320)**
                                                           **Matthew J. Connell (Pa. I.D. No. 80246)**
                                                           **101 Lindenwood Drive, Suite 160**
                                                            **Malvern, PA  19355**
                                                            **(484) 318-7106**
                                                            *Attorney for Defendants*
                                                           *Warden McFadden, Officer Weaver and*
                                                           *Officer Zinzel*

# CERTIFICATE OF SERVICE

I, Matthew J. Connell, Esquire hereby certify that on this 22nd day of July, the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses was filed electronically and is available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.   The following party was served via First Class Mail:-

Damon William Stanley
LA-8153
SCI Graterford
Box 244
Graterford, PA 19426

**THE MACMAIN LAW GROUP, LLC**

By:   /s/ David J. MacMain
**David J. MacMain (Pa. I.D. No. 59320)**
**101 Lindenwood Drive, Suite 160**
**Malvern, PA  19355**
**(484) 318-7106**
*Attorney for Defendants*
*Warden McFadden, Officer Weaver and*
*Officer Zinzel*